# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DAMON JOHNSON,
Plaintiff,

vs.

HENDERSON, et al.,
Defendants.

Case No. 1:16-cv-1020
Black, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 alleging that defendants violated his Eighth Amendment rights by failing to protect him from an attack by a fellow inmate. (Doc. 3). This matter is before the Court on plaintiff's motion for summary judgment (Doc. 20) and defendants' response in opposition (Doc. 32), as well as defendants' motion for summary judgment (Doc. 31), plaintiff's response in opposition (Doc. 36), and defendants' reply memorandum (Doc. 40). This matter is also before the Court on plaintiff's motion to strike (Doc. 41) and defendants' response in opposition (Doc. 42), as well as plaintiff's motion to appoint counsel (Doc. 43).

**I. Background**

Plaintiff was granted leave to proceed *in forma pauperis* and filed a federal complaint on December 1, 2016. (Doc. 3). That same day, this Court conducted a *sua sponte* review of plaintiff's complaint and concluded by Report and Recommendation that plaintiff could proceed with his Eighth Amendment failure to protect claims against defendants Henderson, Plummer, Taylor, and Baker. (Doc. 4 at 5). The Court dismissed plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim against defendant John Doe Doctor for failure to

state a claim upon which relief may be granted. (*Id.*). The District Court adopted the Report and Recommendation on January 3, 2017. (Doc. 6). On January 17, 2017, the undersigned entered a calendar order setting a discovery deadline of July 13, 2017 and dispositive motion deadline of August 14, 2017. (Doc. 8).

**II. Facts**

In support of their motion for summary judgment, defendants have submitted incident reports; medical exam reports; photographs of plaintiff's injuries; video footage of the June 29, 2016 incident; the declaration of William Cool, Deputy Warden of Operations at SOCF; the declaration of Larry Greene, Warden's Assistant at SOCF; the declaration of defendant Jason Henderson; and a conduct report and other documents from the Rules Infraction Board ("RIB") proceedings. (Doc. 31-1 at 1-22; Doc. 31-2 at 1-8; Doc. 31-3 at 1-3; Doc. 31-4). Plaintiff has submitted several discovery documents in support of his motion for summary judgment, including: defendant Henderson's answers to plaintiff's first set of interrogatories; defendants' responses to plaintiff's first request for admissions; defendants' responses to plaintiff's second request for admissions; responses to plaintiff's first request to produce documents and tangible things; responses to plaintiff's second request to produce documents; answers to plaintiff's second set of interrogatories to defendants; and defendants' responses to plaintiff's third request for production of documents. (Doc. 20-1 at 1-57; Doc. 27; Doc. 21). Plaintiff has also submitted the same incident reports, medical exam reports, conduct report, and photographs relating to the June 29, 2016 incident that defendants have submitted. (Doc. 20-1 at 32-52). Plaintiff has also submitted documents from *Johnson v. Dillow*, No. 16-cv-503 (S.D. Ohio). (Doc. 20-1 at 58-79). Plaintiff has also submitted unsworn declarations from fellow inmates describing the June 29, 2016 incident. (Doc. 3 at 7-9).

2

The following facts are shown by the record to be undisputed, except where otherwise noted. This lawsuit arises out of an incident that occurred at SOCF on June 29, 2016. On that morning, defendant Henderson worked as the booth officer for eighty cells on the K4 cell block at SOCF. (Henderson Affidavit at ¶ 3, Doc. 31-3 at 1-3). A booth officer is responsible for communicating with correctional officers on the cell block through a cordless phone about which cells doors should be opened. (*Id.* at ¶ 6). Defendant Baker was responsible for communicating to defendant Henderson which cell doors should be opened for prisoners to engage in recreation and/or showers. (*Id.* at ¶ 10). At approximately 8:15 A.M., defendant Henderson heard through the transmission an instruction to open cell number "65." (*Id.* at ¶ 10). Accordingly, he clicked on the cell 65 box in the control booth to open cell 65. (*Id.*). Defendant Baker instructed defendant Henderson to close cell door 65, but the door would not shut. (*Id.* at ¶ 11). Inmate Wing, the occupant of cell 65, walked to the front of his cell and struck plaintiff as he was walking by the cell on his way to recreation. (*Id.*). That same day, SOCF Nurse Mary Tipton treated plaintiff for a small superficial abrasion of the outer right eye and an approximately ¼ inch long superficial open area at the hairline right eye. (Medical Exam Report, Doc. 31-1 at 16-17). Inmate Wing was subsequently disciplined for assaulting plaintiff. Defendant Baker completed a conduct report describing the incident. (Conduct Report, Doc. 31-2 at 8). On July 6, 2016, the Rules Infraction Board found inmate Wing guilty of violating Rules 4 and 31 of the Ohio Administrative Code and imposed fifteen days in disciplinary confinement and a recreation restriction of two months. (Disposition of the Rules Infraction, Doc. 31-2 at 6).

Defendants contend that defendant Henderson opened the door of cell 65 by mistake, believing that defendant Baker had instructed him to open the door and later learning that inmate Wing, not defendant Baker, yelled for the cell door to be opened. (Henderson Affidavit at ¶ 12,

Doc. 31-3). Defendants allege that ambient noise and loud fans made it difficult for defendant Henderson to understand the transmission from defendant Baker. (*Id.* at ¶ 10, 12). Defendants allege that a brown shower shoe wedged the door open and kept it from being immediately shut after it was mistakenly opened. (Doc. 31-1 at 10, 11). Defendants allege that Officers King and Paynter were in proximity to the incident and immediately intervened.[1] (Henderson Affidavit at ¶ 11, Doc. 31-3). Officer King noticed that cell door 65 was open and ordered inmate Wing to retreat to the back of his cell, but he would not comply and immediately began assaulting plaintiff. (Doc. 31-1 at 9). Officers King and Paynter ordered inmate Wing to stop fighting, and Officer Paynter turned inmate Wing away from plaintiff, which caused him to fall to the ground and be restrained for handcuffing. (*Id.* at 9, 12). Defendant Plummer responded to the incident to assist in handcuffing inmate Wing. (*Id.* at 14). Officer Sears responded to the scene and observed that the incident was under control. (*Id.* at 13). Defendant Taylor responded to the incident to assist plaintiff back to his cell and remove his restraints. (*Id.* at 15).

Plaintiff claims that he was constantly threatened by defendants for allegedly spitting in defendant Henderson's face approximately six months earlier. (Doc. 20 at 9). Plaintiff alleges that defendant Henderson did not open inmate Wing's cell door by mistake, and instead, the attack was premeditated by defendant Henderson based on the incident six months earlier. (*Id.* at 7, 9). Plaintiff further alleges that inmate Wing's door should not have been opened because he was unrestrained and not listed on the recreation list. (*Id.* at 8).

Defendants have submitted video footage of the incident on June 29, 2016.[2] Although the entire video lacks sound, the beginning of the video shows multiple correctional officers

---

[1] Officers King and Paynter are not parties to this lawsuit.
[2] Overall, plaintiff neither appears to dispute the contents of the video footage nor defendants' explanation of the footage. (*See* Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment, Doc. 36 at 8-9). However, plaintiff does dispute that the incident happened not in the morning, but at night. (*Id.* at 8).

4

standing in front of a row of cell blocks at the K4 housing block waiting to escort inmates. (Doc. 31-4, Exh. D, Video Recording, 00:02). Approximately one minute into the video, plaintiff's cell door opens and he is shown being escorted down the cell block by Officer Paynter. (*Id.*, 01:10). Defendants state that Officer King is also visible on the cell block. (Doc. 31 at 5). A few seconds later, inmate Wing appears at the front of his cell with the door open. (Video Recording, 01:16). As plaintiff walks by, inmate Wing suddenly begins swinging his fist at plaintiff. (*Id.*, 01:18). A few seconds later, Officers King and Paynter intervene and break up the fight. (*Id.*, 01:18-01:24). Three other officers arrive at the scene to secure inmate Wing. (*Id.*, 01:24-01:28). Two of these officers are defendants Taylor and Plummer. (Doc. 31 at 5).

### III. Summary Judgment Standard

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A grant of summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Satterfield*, 295 F.3d at 615; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at

249. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587. "In response to a properly supported summary judgment motion, the non-moving party 'is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial.'" *Maston v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F. Supp.2d 846, 849 (S.D. Ohio 2011) (quoting *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).

Because plaintiff is a pro se litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that the Court holds pleadings of pro se litigants to less stringent standards than formal pleadings drafted by lawyers)); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings). However, a party's status as a pro se litigant does not alter his duty to support his factual assertions with admissible evidence. *Maston*, 832 F. Supp.2d at 851-52 (citing *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)). When opposing a motion for summary judgment, a pro se party cannot rely on allegations or denials in unsworn filings. *Id.* (citing *Viergutz*, 375 F. App'x at 485).

**IV. Eighth Amendment Failure to Protect**

    **A. Legal Standard**

6

The Eighth Amendment requires that prison officials "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To establish an Eighth Amendment claim against prison officials based on their failure to protect the plaintiff from attack by other inmates, a plaintiff must present evidence showing that the defendants' conduct amounted to "deliberate indifference" to a known risk of harm. *Farmer*, 511 U.S. at 837. *See also Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). Deliberate indifference includes both objective and subjective elements. *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001); *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011). The objective element requires the harm to be "sufficiently serious." *Id.* (quoting *Farmer*, 511 U.S. at 834). Therefore, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* The subjective element focuses on whether prison officials "had a sufficiently culpable state of mind." *Id.* This requires that prison officials know that inmates face a substantial risk of harm and "disregard[] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Prison officials must exhibit more than lack of due care for a prisoner's safety before an Eighth Amendment violation will be found. *Id.* at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. It is not enough that the official "should" have perceived a significant risk, but did not. *Id.*

**B. The Parties' Arguments**

Defendants argue that summary judgment should be granted in their favor because plaintiff has not shown or presented any evidence demonstrating that defendants were aware of any risk to him such that they could have acted to prevent the assault by inmate Wing. (Doc. 31 at 11). Defendants contend that inmate Wing's attack was sudden and quelled immediately. (*Id.*

7

at 12). Defendants argue that the video evidence shows that inmate Wing was a "random inmate standing near the front of his cell; he is not menacing nor does he assume any combative posture such that danger could be predicted." (*Id.*). Defendants contend that not one defendant was in a close physical position such that they could intervene and protect plaintiff from being attacked. (*Id.* at 13). Defendants further argue that the actions taken during the incident were patently reasonable under the circumstances, which precludes Eighth Amendment liability. (*Id.*) (citing *Farmer*, 511 U.S. at 844). Defendants maintain that defendants Taylor and Plummer were not in the vicinity of the incident, but immediately responded to the scene to assist in restraining inmate Wing who had been stopped by non-party Officers Paynter and King. (*Id.*). Defendants argue that defendant Baker acted reasonably in immediately relaying the cell door opening error to defendant Henderson. (*Id.*). Defendants maintain that defendant Henderson merely responded to what he believed was a communication from defendant Baker to open cell 65 and when he learned it was not, he immediately attempted to close the cell door. (*Id.*).

In response, plaintiff argues that defendants' motion for summary judgment should be denied because defendants Henderson, Baker, Plummer, and Taylor failed to guarantee his safety as required by the Eighth Amendment and were deliberately indifferent, which culminated in an attack by inmate Wing. (Doc. 36 at 6-7, 14-15). The crux of plaintiff's argument is that he had issues with defendants before the attack and defendants acted with a culpable state of mind by orchestrating an assault carried out by inmate Wing. Plaintiff contends that defendant Henderson intentionally opened inmate Wing's door in retaliation for plaintiff allegedly spitting on him six months earlier. (Doc. 20 at 6-7). Plaintiff maintains that he has presented evidence to that effect for the Court's review. (Doc. 36 at 16).

## C. Resolution

After conducting a thorough review of the evidence of record, the Court finds that summary judgment should be granted to all defendants on plaintiff's Eighth Amendment claims because no genuine dispute exists as to whether defendants failed to protect plaintiff from an attack by inmate Wing. The evidence of record corroborates defendants' version of the incident on June 29, 2016. Defendant Henderson's declaration and several incident reports recorded after the attack demonstrate that inmate Wing's cell door opened mistakenly due to a communication error between defendants Baker and Henderson while transmitting the cell numbers to be opened. (Doc. 31-1 at 9-15, Doc. 31-3 at 1-3). This error, which defendant Baker tried to rectify quickly by directing defendant Henderson to close inmate Wing's door, culminated in a sudden attack on plaintiff as he walked by inmate Wing's open cell. (*See id.*). The video footage shows that the incident unfolded rapidly and defendants intervened to secure inmate Wing within seconds. (Doc. 31-4, Exh. D, Video Recording, 01:18-01:24). The evidence does not establish that defendants acted with "deliberate indifference" to a known risk of harm to plaintiff. *See Farmer*, 511 U.S. at 837.

Plaintiff has not produced evidence showing that defendants acted with deliberate indifference and had knowledge of inmate Wing's violent propensity or knowledge that an attack on plaintiff would occur. Plaintiff has made only speculative and unsworn allegations which are insufficient to create a genuine dispute as to whether defendants were deliberately indifferent to a known risk of harm to plaintiff. Plaintiff alleges that inmate Wing was a violent inmate who was "not on the recreation list" (Doc. 20 at 2), but he has produced no evidence indicating that defendants had any knowledge of a serious risk of harm to him. Plaintiff wants the Court to speculate that the attack by inmate Wing was planned and orchestrated by defendants in

retaliation for plaintiff allegedly spitting in defendant Henderson's face approximately six months earlier. (Doc. 36 at 5). Plaintiff provides the Court with several pages of documents from a pending federal lawsuit, *Johnson v. Dillow*, 16-cv-503, relating to the incident with defendant Henderson and subsequent use of force by a different corrections officer. (Doc. 20-1 at 59-79). Plaintiff further alleges that he "utilized the administrative grievance procedure to put SOCF officials on notice that [his] life was in danger at the hands of said defendants' [sic] (namely, defendant Henderson)." (Doc. 36 at 5). However, "[s]peculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment." *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 932 (7th Cir. 1995). In addition, the numerous discovery documents provided by plaintiff do not create a genuine dispute of fact as to whether defendants acted deliberately indifferent in failing to protect him from the attack by inmate Wing and further corroborate defendants' version of the incident. (*See* Doc. 20-1 at 2-31; Doc. 27 at 4-17).

Moreover, as a matter of law, plaintiff cannot establish an Eighth Amendment violation. The communication error between defendants Baker and Henderson in opening inmate Wing's cell door does not amount to deliberate indifference and, at most, constitutes mere negligence. *See Davis v. Brian*, No. 98-1810, 1999 WL 503522, at *6 (6th Cir. July 9, 1999) ("opening plaintiff's cell door while [assailant inmate] was on the catwalk arguably amounts only to negligence, not deliberate indifference, without actual knowledge on [prison official's] part of a substantial risk that [inmate assailant] would inflict serious harm upon the plaintiff"); *Daniels v. Felton*, 5:14-cv-442, 2017 WL 2436024, at *3-4 (M.D. Ga. Mar. 8, 2017) (holding that inmate did not establish that corrections officer knew that opening cell door created a risk of attack from fellow inmates and noting that "it is not necessarily obvious that opening a cell door, resulting in

other inmates gaining entry into another cell, by itself, creates a substantial risk of harm to an inmate in the unlocked cell."). *Cf. Bush v. Dickerson*, No. 16-6140, 2017 WL 3122012, at *2 (6th Cir. May 3, 2017) (holding that inmate created genuine issue of fact as to whether control booth officer intentionally opened cell door after attesting in a declaration that he heard a "buzz sound" opening his cell door, which allowed inmate attackers to immediately enter his cell and brutally assault him). The parties agree that all defendants were not in the vicinity of the cell block to intervene or thwart the attack from the outset. (*See* Doc. 31 at 13, Doc. 36 at 9). *See Farmer*, 511 U.S. at 847 ("a prison official may be held liable under the Eighth Amendment . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."). Moreover, defendants responded reasonably to the incident within seconds and stopped inmate Wing from harming plaintiff further, which ultimately precludes Eighth Amendment liability. *See Farmer*, 511 U.S. at 544 ("prison officials . . . may be found free from liability if they responded reasonably to the 1983 risk, even if the harm ultimately was not averted."). Accordingly, because the evidence establishes that defendants were not deliberately indifferent to a known risk of harm to plaintiff and responded quickly and reasonably to the attack, defendants did not violate plaintiff's Eighth Amendment rights and summary judgment should be granted in their favor.

**V. Plaintiff's remaining motions (Docs. 41 and 43)**

Plaintiff moves the Court to strike defendants' reply memorandum to plaintiff's response in opposition to defendants' motion for summary judgment from the record because "defendants continue to file motions with the Court that are frivolous and out of compliance with the Federal

11

Rules of Civil Procedure." (Doc. 41 at 1-2).[3] Plaintiff also moves the Court to appoint counsel because he has limited access to the prison law library and limited knowledge of the law. (Doc. 43 at 1).[4]

As the undersigned has recommended that defendants' motion for summary judgment be granted, the Court need not consider plaintiff's above remaining motions. Therefore, the Court **DENIES as MOOT** plaintiff's motions to strike and appoint counsel. (Docs. 41 and 43).

**IT IS THEREFORE RECOMMENDED THAT**

1. Plaintiff's motion for summary judgment (Doc. 20) be **DENIED**; and

2. Defendant's motion for summary judgment (Doc. 31) be **GRANTED**.[5]

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Court Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion to strike (Doc. 41) is **DENIED as MOOT**; and

2. Plaintiff's motion to appoint counsel (Doc. 43) is **DENIED as MOOT**.

Date: 2/2/18

Karen L. Litkovitz
United States Magistrate Judge

---

[3] Plaintiff's argument is inaccurate as this Court's local rules permit parties to file reply memoranda after a response in opposition is filed. *See* S.D. Ohio Civ. R. 7.2(a)(2). Moreover, a reply memorandum is not a "pleading" that is subject to a motion to strike under Fed. R. Civ. P. 12(f).

[4] The Court previously denied plaintiff's first motion to appoint counsel on June 7, 2017. (Doc. 16). The Court noted that the appointment of counsel in a civil proceeding is justified only in exceptional circumstances, which did not appear to be present in plaintiff's case. (*Id.*).

[5] Defendants also argue that they are entitled to qualified immunity. Qualified immunity protects government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Court need not address whether defendants are entitled to qualified immunity because the record shows there is no genuine dispute that defendants did not violate plaintiff's Eighth Amendment rights, and defendants are therefore entitled to summary judgment.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAMON JOHNSON,
    Plaintiff,

vs.

HENDERSON, et al.,
    Defendants.

Case No: 1:16-cv-1020
Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).